UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| B.T.H., a minor, T.J.H., a minor, and V.C.H., a minor, by Guardian Ad Litem PAMELA HINTON,<br><br>        Plaintiffs,<br><br>    v.<br><br>COUNTY OF MODOC, MODOC COUNTY SHERIFF MIKE POINDEXTER, UNKNOWN MODOC COUNTY CORRECTIONAL OFFICERS, SUPERVISORS, AND UNKNOWN MODOC COUNTY MEDICAL CARE PROVIDERS, and DOES 1 through 50 inclusive,<br><br>        Defendants. | No.  2:20-cv-00566-JAM-DMC<br><br>**ORDER GRANTING WITH LEAVE TO AMEND DEFENDANTS' MOTION TO DISMISS** |

    This matter is before the Court on County of Modoc and former Modoc County Sheriff, Mike Poindexter's ("Defendants") Motion to Dismiss for failure to state a claim upon which relief can be granted.  Mot., ECF No. 13.  B.T.H., T.J.H., and V.C.H., all minors, and their Guardian Ad Litem, Pamela Hinton ("Plaintiffs"), filed an opposition to Defendants' motion, Opp'n, ECF No. 17, to which Defendants replied, Reply, ECF No. 18.

After consideration of the parties' arguments on the motion and relevant legal authority, the Court GRANTS WITH LEAVE TO AMEND Defendants' Motion to Dismiss.[1]

I. BACKGROUND

On March 13, 2020, Plaintiffs filed suit against Defendants under 42 U.S.C. § 1983. See Compl., ECF No. 1. Plaintiffs allege Defendants violated their Fourteenth Amendment rights by denying their father medical care and due process and maintaining an unconstitutional custom, policy, or practice. Id. Plaintiffs' father, Jeramy Hinton, suffered from chronic bodily pain and suicidal depression stemming from numerous surgical procedures he underwent in 2003. Id. ¶ 11. In addition, Hinton was diagnosed with bilateral foraminal stenosis, spondylolysis, and spondylolisthesis in 2018. Id. ¶ 12. He was prescribed oxycodone and morphine sulfate to manage those conditions. Id.

On March 24, 2018, Hinton was arrested and taken into custody at the Modoc County Jail. Compl. ¶ 10. Plaintiffs allege Hinton received inadequate psychiatric and medical care while incarcerated. Id. ¶ 13. Plaintiffs further allege that Hinton's pain medications were withheld, which increased his depression and suicidal ideations. Id. On March 29, 2019, Hinton committed suicide by hanging himself with a bedsheet in his cell. Id. ¶¶ 15, 16. Plaintiffs allege substandard care, resulting in Hinton's death, is attributable to the County's

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for July 14, 2020.

2

1  inadequate hiring, training, and supervision of jail personnel.
2  Id. ¶ 18.
3     Defendants now move to dismiss the complaint arguing that
4  Plaintiffs have failed to state any viable claims under Federal
5  Rules of Civil Procedure 12(b)(6).  Mot. at 4-12.
6
7                        II.   OPINION
8     A.   Legal Standard
9     Federal Rule of Civil Procedure 8(a)(2) requires "a short
10 and plain statement of the claim showing that the pleader is
11 entitled to relief."  A Rule 12(b)(6) motion attacks the
12 complaint as not alleging sufficient facts to state a claim for
13 relief.  "To survive a motion to dismiss [under 12(b)(6)], a
14 complaint must contain sufficient factual matter, accepted as
15 true, to state a claim to relief that is plausible on its face."
16 Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) (internal quotation
17 marks and citation omitted).  While "detailed factual
18 allegations" are unnecessary, the complaint must allege more
19 than "[t]hreadbare recitals of the elements of a cause of
20 action, supported by mere conclusory statements."  Id. at 678.
21 "In sum, for a complaint to survive a motion to dismiss, the
22 non-conclusory 'factual content,' and reasonable inferences from
23 that content, must be plausibly suggestive of a claim entitling
24 the plaintiff to relief."  Moss v. U.S. Secret Serv., 572 F.3d
25 962, 969 (9th Cir. 2009).
26 ///
27 ///
28 ///

B.  Analysis

    1.  The Survival Statute

Defendants' primary argument in support of their motion is that Plaintiffs' claims fail as a matter of law because Plaintiffs failed to comply with California's survival statute. Mot. at 4-5. Under Federal Rule of Civil Procedure 17(b)(3), the capacity to sue a public officer is determined by "the law of the state where the court is located." And a claim raised under § 1983 "survives the decedent if the claim accrued before the decedent's death, and if state law authorizes a survival action." Tatum v. City & Cnty. of San Francisco, 441 F.3d 1090, 1094 n.2 (9th Cir. 2006). In general, a survival claim is filed by the estate's personal representative. However, absent a personal representative, the decedent's successor in interest may prosecute the action so long as they satisfy the requirements of California law. Id. (citing Moreland v. Las Vegas Metro. Police Dep't, 159 F.3d 365, 369 (9th Cir. 1998); Cal. Code Civ. Pro. §§ 377.30, 377.32).

California's survival statute requires a decedent's successor in interest to "execute and file an affidavit or declaration" stating: (1) the decedent's name; (2) the date and place of decedent's death; (3) that no proceedings are pending in California for the administration of the decedent's estate; (4) either that the declarant is the decedent's successor in interest or is authorized to act on behalf of the decedent's successor in interest; and (5) that no other person has a superior right to commence the action or proceeding for the decedent. Cal. Code Civ. Pro. § 377.32(a). It also requires

4

that "a certified copy of the decedent's death certificate [] be attached to the affidavit or declaration." Cal. Code Civ. Pro. § 377.32(c).

Plaintiffs did not file an affidavit or declaration demonstrating their ability to pursue their claims as Hinton's successors in interest when they commenced this action. Nor did they plead compliance with California's survival statute. Plaintiffs acknowledge their failure to do so. See Opp'n at 6:6-7. They cannot cure this defect by merely attaching the necessary documentation to their opposition. See Attach. 1 to Opp'n, ECF No. 17; see also Ex. A to Opp'n, ECF No. 17. To do so they must formally amend their complaint. Thus, Plaintiffs presently lack the ability to assert survival claims against Defendants as successors in interest. See In re A.C., 80 Cal.App.4th 994, 1002-03 (2000) (failure to comply with § 377.32 precludes a plaintiff from bringing a survival action).

### 2.   Claim I: Medical Care

Plaintiffs generally allege that the County of Modoc, former Modoc County Sheriff Mike Poindexter, and a host of unknown employees failed to give Hinton adequate medical care. See Compl. ¶¶ 13, 21-23. Specifically, Plaintiffs allege that Hinton's medications were withheld, but they do not specify the individual(s) who did so. Id. ¶ 13. Plaintiffs further allege that Defendants were aware of Hinton's deteriorating medical conditions and the likelihood that he would harm himself. Id. ¶ 14. Defendants move to dismiss this cause of action for failure to state a plausible claim of deliberate indifference to a serious


medical need.  See Mot. at 5-7.  The Court agrees.

In asserting a medical care claim against an individual defendant under the due process clause of the Fourteenth Amendment, a pretrial detainee must allege: (1) the defendant made an intentional decision with respect to the conditions under which plaintiff was confined; (2) the conditions put the plaintiff at substantial risk of suffering serious harm; (3) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (4) by not taking such measures, the defendant caused the plaintiff's injuries.  Gordon v. City of Orange, 888 F.3d 1118, 1125 (9th Cir. 2018).

With regard to the reasonableness of the defendant's conduct, it must be "objectively unreasonable."  Id. (internal quotation marks and citations omitted).  This means the reasonableness determination will "necessarily turn on the facts and circumstances" of the case.  Id. (internal quotation marks and citations omitted).  "The mere lack of due care by a state official does not deprive an individual of life, liberty, or property under the Fourteenth Amendment."  Id. (internal quotation marks and citations omitted).  "The plaintiff must prove more than negligence but less than subjective intent—something akin to reckless disregard."  Id. (internal quotation marks and citations omitted).

1    Plaintiffs' allegations lack sufficient facts or
2 details and amount to nothing more than conclusory
3 statements. See Ashcroft, 556 U.S. at 679. Plaintiffs fail
4 to describe the conduct of a specific defendant with any
5 degree of detail. See Moreno v. Penzone, 2020 WL 1047068 at
6 *2 (D. Ariz. 2020) (citing Rizzo v. Goode, 423 U.S. 362,
7 371-72, 377 (1976)) ("To state a valid claim under § 1983,
8 plaintiffs must allege that they suffered a specific injury
9 as a result of specific conduct of a defendant and show an
10 affirmative link between the injury and the conduct of that
11 defendant."). Nor do they set forth how a specific
12 defendant's conduct caused Hinton's suicide. Barren v.
13 Harrington, 152 F.3d 1193, 1994 (9th Cir. 1998) ("A
14 plaintiff must allege facts, not simply conclusions, that
15 show an individual was personally involved in the
16 deprivation of his civil rights.").

17    To the extent Plaintiffs assert a claim of denial of
18 medical care under a theory of supervisory liability against
19 former Sheriff Poindexter, it similarly fails because
20 Plaintiffs have not alleged his personal involvement in the
21 constitutional violations. See Starr v. Baca, 652 F.3d
22 1202, 1207 (9th Cir. 2011) ("A defendant may be held liable
23 as a supervisor under § 1983 if there exists either (1) his
24 or her personal involvement in the constitutional
25 deprivation, or (2) a sufficient causal connection between
26 the supervisor's wrongful conduct and the constitutional
27 violation.") (internal quotation marks and citation
28 omitted).

Accordingly, Plaintiffs' claim of denial of medical care is dismissed without prejudice.

### 3. Claim II: Monell

Plaintiffs allege that the Modoc County Jail personnel were hired by the County of Modoc "without adequate training and were thereafter inadequately trained and supervised to render psychiatric and medical treatment to patients." Compl. ¶ 18. Plaintiffs add that the County of Modoc was aware of prior instances of self-inflicted injury by pretrial detainees at the jail but did nothing to prevent their recurrence. Id. ¶ 26. Plaintiffs further allege that the County of Modoc has a "policy, custom, or habit" of providing substandard psychiatric and medical care to inmates at the facility. Id. ¶ 27. Defendants move to dismiss Plaintiffs' Fourteenth Amendment Monell claim for failure to allege a municipal custom or practice. See Mot. at 7-9.

Municipalities may be held liable under Section 1983 for constitutional injuries inflicted through a municipal policy or custom. Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 694 (1978). To establish municipal liability under Section 1983, a plaintiff must show that (1) he was deprived of a constitutional right; (2) the municipality had a policy; (3) the policy amounted to a deliberate indifference to his constitutional right; and (4) the policy was the moving force behind the constitutional violation. Anderson v. Warner, 451 F.3d 1063, 1070 (9th Cir. 2006) (internal citations and quotations omitted).

8

A plaintiff may also establish municipal liability by demonstrating that: (1) the constitutional tort was the result of a longstanding practice or custom that constitutes the standard operating procedure of the local government entity; (2) the tortfeasor was an official whose acts fairly represent official policy such that the challenged action constituted official policy; (3) an official with final policy-making authority delegated that authority to, or ratified the decision of, a subordinate; or (4) the municipality failed to adequately train the tortfeasors.  See Price v. Sery, 513 F.3d 962, 966 (9th Cir. 2008) (internal quotation marks and citation omitted); see also Bagley v. City of Sunnyvale, 2017 WL 344998 at *14 (N.D. Cal. 2017).  To properly state a Monell claim, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." AE ex rel. Hernandez v. Cty. of Tulare, 666 F.3d 631, 637 (9th Cir. 2012) (quoting Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011)).

Plaintiffs' Monell claim also fails to allege more than unsupported conclusory statements.  To the extent the claim is predicated upon an unconstitutional custom, policy, or practice, Plaintiffs fail to properly allege how any such custom, policy, or practice was the "moving force" behind the alleged inadequate psychiatric or medical care.  See Monell, 436 U.S. 658, 694 (1978).  Nor do Plaintiffs identify other instances in which inmates at the County Jail received substandard care in order to demonstrate that the alleged custom, policy, or practice was

"standard operating procedure." Gillette v. Delmore, 979 F.2d 1342, 1347 (9th Cir. 1992).

To the extent the claim is predicated on inadequate training, Plaintiffs must allege: (1) decedent was deprived of a constitutional right; (2) the policy amounts to deliberate indifference to constitutional rights of persons whom officers are likely to interact with; and (3) the constitutional injury would have been avoided had the officers been properly trained. Flores v. County of Los Angeles, 758 F.3d 1154, 1158–59 (9th Cir. 2014). To meet this standard, there must be "program-wide inadequacy in training." Blankenhorn v. City of Orange, 485 F.3d 463, 484–85 (9th Cir. 2007) (internal quotation marks and citation omitted). Plaintiffs do not describe what training County Jail personnel did or did not receive, nor do they causally connect deficiencies in the training to the harm Hinton suffered.

Accordingly, Plaintiffs' Monell claim is dismissed without prejudice.

### 4. Claim III: Due Process

Plaintiffs allege Hinton was denied due process in receiving inadequate psychiatric and medical care while incarcerated. See Compl. ¶¶ 33–35. This claim is essentially the same as Plaintiffs' claim that Hinton was denied medical care. See Compl. ¶¶ 13, 21–23. The claim that Hinton was denied medical care is itself derived from the Due Process Clause of the Fourteenth Amendment. Carnell v. Grimm, 74 F.3d 977, 979 (9th Cir. 1996) ("A pretrial detainees' rights to receive medical treatment arise under

the Due Process Clause of the Fourteenth Amendment.") (internal quotation marks and citation omitted).

Accordingly, Plaintiffs' claim that Hinton was denied due process is dismissed without prejudice for the same reasons their claim that he was denied medical care is dismissed.

### 5. Damages

Plaintiffs allege that Hinton "suffered severe physical pain, mental anguish, emotional distress, and bodily injury" before he died. Compl. ¶¶ 22, 37. Plaintiffs' claims are brought exclusively under federal law. See id. ¶¶ 19-38. Thus, California's prohibition against pre-death emotional distress damages, see Cal. Code Civ. Proc., § 377.34, does not apply here. See Chaudhry v. City of L.A., 751 F.3d 1096, 1105 (9th Cir. 2014) (holding that California's prohibition against pre-death pain and suffering damages is inconsistent with § 1983's deterrence policy and, therefore, does not apply to § 1983 claims where the decedent's death was caused by violations of federal law). Plaintiffs are permitted to seek pre-death emotional distress damages to the extent they are sought exclusively under federal law.

Plaintiffs also allege that they suffered "[their own] severe emotional distress and loss" due to Hinton's death. Id. ¶ 17. However, Plaintiffs have not asserted a wrongful death claim against Defendants. If Plaintiffs were to assert a wrongful death claim, damages for their own emotional distress would be legally precluded. Under California law, a wrongful death plaintiff may not recover

11

"for such things as the grief or sorrow attendant upon the death of a loved one, or for his sad emotions, or for the sentimental value of the loss." Nelson v. Cty. of L.A., 113 Cal.App.4th 783, 793 (2003); Cal. Code Civ. Proc. § 377.61. Thus, Plaintiffs do not have a legally cognizable claim for their own emotional distress damages.

### C. Leave to Amend

Courts dismissing claims under Federal Rule of Civil Procedure 12(b)(6) have discretion to permit amendment, and there is a strong presumption in favor of leave to amend. Eminence Cap., LLC v. Aspeon, Inc., 316 F.3d 1048, 1051-52 (9th Cir. 2003). "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment." Id. at 1052 (internal citation omitted). Plaintiffs seek leave to amend the complaint. See Opp'n at 8. Since it may be possible for Plaintiffs to cure the above-described deficiencies, the Court will grant them an opportunity to rectify the errors in their dismissed claims and file a First Amended Complaint.

### D. Sanctions

Defendants exceeded the Court's 5-page limit on reply memoranda. See Reply, ECF No. 18; see also Order re Filing Requirements (Order), ECF No. 3-2. Violations of the Court's standing order require the offending counsel (not the client) to pay $50.00 per page over the page limit to the Clerk of the Court. Order at 1. Moreover, the Court will not consider arguments made past the page limit. Id. In total, Defendants' reply memorandum exceeded the Court's page limit by 1 page.

Defendants' counsel must therefore send a check payable to the Clerk for the Eastern District of California for $50.00 no later than seven days from the date of this order.

### III.   ORDER

For the reasons set forth above, the Court GRANTS WITH LEAVE TO AMEND Defendants' Motion to Dismiss.  If Plaintiffs amend their complaint, they shall file a First Amended Complaint within twenty days (20) of this order.  Defendants' responsive pleading is due twenty days thereafter.

IT IS SO ORDERED.

Dated: August 17, 2020

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE