UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| B.T.H., a minor, T.J.H., a minor, and V.C.H., a minor, by Guardian Ad Litem PAMELA HINTON,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>COUNTY OF MODOC, MODOC COUNTY SHERIFF MIKE POINDEXTER, UNKNOWN MODOC COUNTY CORRECTIONAL OFFICERS, SUPERVISORS, AND UNKNOWN MODOC COUNTY MEDICAL CARE PROVIDERS, and DOES 1 through 50 inclusive,<br><br>　　　　Defendants. | No.  2:20-cv-00566-JAM-AC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

I.  BACKGROUND[1]

On March 13, 2020, Plaintiffs filed suit against Defendant under 42 U.S.C. § 1983. See Compl., ECF No. 1. On August 18, 2020, the Court granted Defendant's first motion to dismiss. See

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g).  The hearing was scheduled for November 24, 2020.

1

1  Order, ECF No, 21.  Plaintiffs were given leave to amend.  Id.
2  On September 2, 2020, Plaintiffs filed their first amended
3  complaint.  See First Amended Complaint ("FAC"), ECF No. 22.
4  Shortly thereafter, upon stipulation by the parties, the Court
5  granted Plaintiffs leave to file a second amended complaint.  See
6  Stip. and Order, ECF No. 25.  On September 16, 2020, Plaintiffs
7  filed their second amended complaint.  See Second Amended
8  Complaint ("SAC"), ECF No. 26.

9     Plaintiffs allege Defendants violated their Fourteenth
10 Amendment rights by denying their father medical care and due
11 process and maintaining an unconstitutional custom, policy, or
12 practice.  Id.  Plaintiffs' father, Jeramy Hinton, suffered from
13 chronic bodily pain and suicidal depression stemming from
14 numerous surgical procedures he underwent in 2003.  SAC ¶¶ 15.
15 In addition, Hinton was diagnosed with bilateral foraminal
16 stenosis, spondylolysis, and spondylolisthesis in 2018.  SAC
17 ¶ 16.  He was prescribed oxycodone and morphine sulfate to manage
18 those conditions.  Id.

19    On March 24, 2018, Hinton was arrested and taken into
20 custody at the Modoc County Jail.  SAC ¶ 17.  Plaintiffs allege
21 Hinton received inadequate psychiatric and medical care while
22 incarcerated.  SAC ¶ 19.  Hinton's previously-prescribed pain
23 medications were withheld, he was not monitored by either a
24 doctor or a nurse, and he was not prescribed or administered new
25 medication.  SAC ¶¶ 25-26.  On March 29, 2018, Hinton committed
26 suicide by hanging himself with a bedsheet in his cell.  SAC
27 ¶ 20.  Plaintiffs allege substandard care, resulting in Hinton's
28 death, is attributable to the County's inadequate hiring,

training, and supervision of jail personnel. SAC ¶ 22.

Defendants now move to dismiss Plaintiffs' Second Cause of Action, a Fourteenth Amendment Monell claim, for failing to allege an unconstitutional custom, policy, or practice. See Mot. at 6–10. For the reasons set forth below the Court grants Defendants' motion.

## II.   OPINION

### A.   Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." A Rule 12(b)(6) motion attacks the complaint as not alleging sufficient facts to state a claim for relief. "To survive a motion to dismiss [under 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) (internal quotation marks and citation omitted). While "detailed factual allegations" are unnecessary, the complaint must allege more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Id. at 678. "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).

### B.   Analysis

Municipalities may be held liable under § 1983 for

1  constitutional injuries inflicted through a municipal policy or
2  custom.  Monell v. Dep't of Soc. Servs. of City of New York, 436
3  U.S. 658, 694 (1978).  To establish municipal liability under
4  § 1983, a plaintiff must show that (1) he was deprived of a
5  constitutional right; (2) the municipality had a policy; (3) the
6  policy amounted to a deliberate indifference to his
7  constitutional right; and (4) the policy was the moving force
8  behind the constitutional violation.  Anderson v. Warner, 451
9  F.3d 1063, 1070 (9th Cir. 2006) (internal citations and
10 quotations omitted).

11      A plaintiff may also establish municipal liability by
12 demonstrating that: (1) the constitutional tort was the result of
13 a longstanding practice or custom that constitutes the standard
14 operating procedure of the local government entity; (2) the
15 tortfeasor was an official whose acts fairly represent official
16 policy such that the challenged action constituted official
17 policy; (3) an official with final policy-making authority
18 delegated that authority to, or ratified the decision of, a
19 subordinate; or (4) the municipality failed to adequately train
20 the tortfeasors.  See Price v. Sery, 513 F.3d 962, 966 (9th Cir.
21 2008) (internal quotation marks and citation omitted).

22      The Monell claim in Plaintiffs' SAC is almost entirely
23 identical to the Monell claim in Plaintiffs' original complaint.
24 As before, Plaintiffs allege that the Modoc County Jail personnel
25 were hired by the county "without adequate training and were
26 therefore inadequately trained and supervised to render
27 psychiatric treatment to patients."  SAC ¶ 22.  Plaintiffs add
28 that Modoc County was aware of prior instances of self-inflicted

4

injury by pretrial detainees at the jail but did nothing to prevent their recurrence.  SAC ¶ 37.  Plaintiffs further allege that Modoc County has a "policy, custom, or habit" of providing substandard psychiatric and medical care to inmates at the facility and that Hinton died as a "direct and proximate result of this policy, custom, or habit."  SAC ¶¶ 38-39.

The only notable difference between the original complaint and the SAC is that, this time around, Plaintiffs allege violations of a specific standard regarding inmate medications.  See SAC ¶¶ 24-26.  The standard states that Modoc County Jail inmates will be permitted to continue taking any previously-prescribed medication while in jail, and that they will be referred to the jail nurse or doctor who will be responsible for monitoring their health and prescribing their medication.  SAC ¶ 24.  Plaintiffs allege that jail staff deprived Hinton of pain medication and failed to refer him to a nurse or doctor.  SAC ¶¶ 25-26.  Plaintiffs also add that Hinton's sister informed the Modoc County District Attorney of his medical and psychiatric needs and was told the county did not have the funds necessary to address them.  Opp'n at 9.  Plaintiffs infer from this that the county has a policy of denying inmates psychiatric care.  Id.

The Court finds that these additional facts are still insufficient to maintain Plaintiffs' Monell claim.  To the extent the above-referenced standard is suggestive of a written policy, Plaintiffs do not allege that policy is unconstitutional.  And Plaintiffs fail to explain how it—or any other custom, policy, or practice—was the "moving force" behind the alleged inadequate psychiatric or medical care.  See Monell, 436 U.S. 658, 694

(1978). As for the conversation between Hinton's sister and the district attorney, the district attorney allegedly told her the county did not have the funds necessary to provide Hinton with the psychiatric and medical care she requested. This statement was made regarding only Hinton. Opp'n at 9 ("[She] was advised that the County had no funds to provide such care for him.") (emphasis added). It cannot be reasonably inferred from this that the county has a policy of denying inmates psychiatric and medical care. As with the original complaint, Plaintiffs do not identify other instances in which inmates received substandard care to demonstrate that the alleged custom, policy, or practice was "standard operating procedure." Gillette v. Delmore, 979 F.2d 1342, 1347 (9th Cir. 1992).

Plaintiffs have, therefore, failed to add any new factual content—and reasonable inferences from that content—that is plausibly suggestive of a Monell claim entitling them to relief. Thus, the Court's prior analysis still stands. See Order Granting Defs.' Mot. to Dismiss with Leave to Am. at 8-10, ECF No. 21. Plaintiffs' claim that Defendants violated their Fourteenth Amendment rights by maintaining an unconstitutional custom, policy, or practice is dismissed.

C. Leave to Amend

Plaintiffs request leave to amend any portion of the SAC deemed deficient. See Opp'n at 9-10. The Court need not grant leave to amend where amendment would be futile. Deveraturda v. Globe Aviation Sec. Servs., 454 F.3d 1043, 1049 (9th Cir. 2006). Plaintiffs have amended their complaint twice. They have, nonetheless, failed to present a cognizable legal theory in

support of their Monell claim.  Amendment, at this point, would be futile.  Accordingly, dismissal of the Second Cause of Action with prejudice is appropriate.  Plaintiffs' request for leave to amend is DENIED.

## III.  ORDER

For the reasons set forth above, the Court GRANTS Defendant's Motion to Dismiss.  Plaintiffs' Second Cause of Action is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

Dated: January 21, 2021

/s/ John A. Mendez
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE